IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE GANDY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 4:16-cv-01361 |
| | § | |
| UNUM LIFE INSURANCE COMPANY | § | |
| OF AMERICA d/b/a UNUM and THE | § | |
| UNUM GROUP, | § | |
| | § | |
| Defendants. | § | |

# NOTICE OF REMOVAL

Defendants Unum Life Insurance Company of America ("Unum Life"), erroneously and improperly named as Unum Life Insurance Company of America d/b/a Unum, and Unum Group ("Unum") (collectively, "Defendants"), for the purpose only of removing this cause to the United States District Court for the Southern District of Texas, Houston Division, state:

## I.    STATE COURT ACTION

This case involves a dispute over disability insurance benefits under a group long-term disability policy (the "Policy") issued by Unum Life to Plaintiff's former employer, Amarillo College. On April 4, 2016, Plaintiff Joe Gandy ("Plaintiff" or "Gandy") filed suit against Defendants in the 151st Judicial District Court of Harris County, Texas, where it was numbered 2016-21120 on the docket of that court. Plaintiff has asserted claims for breach of contract, fraud, breach of the duty of good faith and fair dealing, violations of Texas Insurance Code (the "Code"), and violations of the Texas Deceptive

Trade Practices-Consumer Protection Act (the "DTPA"). He seeks to recover, among other things, actual damages, the prompt payment penalty under the Code, punitive damages, treble damages, pre-judgment interest, post-judgment interest, attorney's fees, and costs of court.

## II. SUBJECT MATTER JURISDICTION EXISTS

**A.** **Diversity Jurisdiction.**

**1.** **The Parties Are Completely Diverse.** Plaintiff was a citizen of Texas at the time this action was filed and remains a citizen of Texas as of the date of this removal. Unum Life is a Maine insurance company with its principal place of business in Portland, Maine. Unum Life was a citizen of Maine at the time this action was filed and remains a citizen of Maine as of the date of this removal. Unum is a Delaware company with its principal place of business in Chattanooga, Tennessee. Unum was a citizen of Delaware and/or Tennessee at the time this action was filed and remains a citizen of Delaware and/or Tennessee as of the date of this removal. Thus, complete diversity of citizenship exists between Plaintiff and Defendants.

**2.** **The Requisite Amount in Controversy is Satisfied.** The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Specifically, Plaintiff alleges in his Original Petition that he "seeks monetary relief in an amount over $1,000,000." *See* Original Petition at ¶ 3.2. It is therefore clear from Plaintiff's pleading that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Because the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, the

Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

3. **The Removal is Timely.** Plaintiff filed his lawsuit on April 2, 2016. The first time that Defendants received notice of the lawsuit, through service or otherwise, was on April 25, 2016. As such, the removal is timely under 28 U.S.C. § 1446.

### III.   REMOVAL IS PROPER

Because the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Accordingly, this action may be removed pursuant to 28 U.S.C. § 1441. And as discussed above, removal is timely under 28 U.S.C. § 1446(b).[1]

### IV.   STATE COURT DOCUMENTS ATTACHED

Attached as Exhibit A is an "Index of State Court Documents," which includes true and correct copies of the state court docket sheet and all documents filed in the state court action. These documents constitute all of the process, pleadings, or orders filed in state court or served on Defendants.

### V.   RELIEF REQUESTED

Defendants respectfully request that the United States District Court for the Southern District of Texas, Houston Division, accept this notice of removal, assume jurisdiction of this cause and issue all orders and processes necessary to bring before it all parties necessary for the trial hereof.

---

[1] In his Original Petition, Plaintiff asserts that venue is proper in Harris County under Tex. Civ. Prac. & Rem. Code §15.0181(c)(1). *See* Original Petition at ¶ 3.1. That state court venue statute is wholly inapplicable because Section 15.0181 applies to cases under the Jones Act, but the current matter is not a case under the Jones Act. Furthermore, Defendants do not have a "principal office" in Harris County, Texas and a substantial part of the events or omissions giving rise to this claim did not occur in Harris County.

Respectfully submitted,

By:  /s/ Dennis M. Lynch
    Dennis M. Lynch
    State Bar No. 90001506
    S.D. No. 23163
    dennis.lynch@figdav.com
    Attorney-in-Charge

    Of Counsel:
    Roshanak Khosravighasemabadi
    State Bar No. 24048587
    S.D. No. 922957
    rosh.khosravi@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas  75202-3796
(214) 939-2000
(214) 939-2090 (Facsimile)

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested, to Michael Patrick Doyle and Patrick M. Dennis, Doyle LLP, The Clocktower Building, 3401 Allen Parkway, Suite 100, Houston, Texas 77019, on this the 13th day of May, 2016.

    /s/ Dennis M. Lynch
    Dennis M. Lynch